### IN THE IOWA DISTRICT COURT FOR LINN COUNTY

| | |
|---|---|
| **WILLIAMS BOULEVARD SERVICE INC. d/b/a WILLIAMS BLVD AMOCO,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**STATE FARM FIRE AND CASUALTY COMPANY,**<br><br>    **Defendant.** | **Case No. _____**<br><br><br>**PETITION AT LAW AND JURY DEMAND** |

**COMES NOW** Williams Boulevard Service Inc. d/b/a Williams Blvd Amoco (hereinafter referred to sometimes as "Plaintiff"), by and through their undersigned attorney, James C. Larew, Larew Law Office, and for its Petition at Law and Jury Demand, hereby state as follows:

### INTRODUCTION

1.    This is an action by Plaintiff against State Farm Fire and Casualty Company ("Defendant") pursuant to claims for insured losses suffered by real property located at 2601 Williams Boulevard SW, Cedar Rapids, Iowa (sometimes "Property") caused by the Derecho storm that occurred on August 10, 2020.

### PARTIES

2.    Plaintiff Williams Boulevard Service Inc. d/b/a Williams Blvd Amoco is a corporate entity running a gas station located at 2601 Williams Boulevard SW, Cedar Rapids, Linn County, Iowa, which is the premises covered by a Business Owners Policy issued by Defendant. Plaintiff is owned by Amrik Bhango, who serves as its agent.

1

4.     Defendant State Farm Fire and Casualty Company (sometimes "State Farm") is licensed in the State of Iowa; it issued the business owners insurance Policy to Plaintiff that is the subject of this lawsuit.

## JURISDICTION AND VENUE

5.     Jurisdiction is proper in the Iowa District Court pursuant to Iowa Code section 602.6101.

6.     Venue is proper in Linn County pursuant to Iowa Code sections 616.2 (injuries to real property), 616.7 (place of contract), 616.10 (insurance companies), and 616.18 (personal injury or damage actions), because this case concerns Plaintiff's right to obtain monetary compensation for property damages and for wrongful conduct arising out of a contractual insurance relationship; the losses insured against occurred in Linn County, Iowa.

## MATERIAL FACTS

7.     On August 10, 2020, a severe wind storm, meteorologically known as a "Derecho" wind storm, with wind speeds that exceeded 140 mph in many areas, struck a large swathe of the State of Iowa.

8.     The Derecho caused billions of dollars in damage to numerous properties and is one of the largest natural disasters to strike the State of Iowa.

9.     Plaintiff recognized that its Property had been damaged by the Derecho storm.

10.    Due to the damages inflicted to the Property, Plaintiff contacted its Insurer, State Farm, and informed it of the damages sustained by the Derecho storm.

11.    Defendant reviewed the claim made by Plaintiff by sending an Adjuster from Alacrity Claims Services to the Property.

2

12.    The initial Adjuster reviewed the building at the Property, and recognized that damage had occurred. However, State Farm only found an amount of damage that resulted in an estimate of loss of $22,620.41 to the Property.

13.    Plaintiffs disputed the amount of this determination and were and are certain that there was and is additional damage to the building.

14.    Plaintiffs, in the meantime, began contacting construction companies and contractors in an attempt to secure bids and estimates as to the repair costs for the damaged sections of the Property.

15.    However, due to the sheer amount of damaged properties in the path of the Derecho storm, and the burden those damages imposed upon nearly every contractor in the area, in many instances, bids and estimates, let alone the actual contractor labor, were difficult to obtain for many months.

16.    Now, almost two years after the reportedly most severe wind storm in the history of the State of Iowa, many homes and properties are still recovering from the massive devastation wrought upon the State.

17.    Plaintiff has spent considerably more than the amount paid thus far by State Farm in order to repair its Property and prevent further damages from leaks or other issues.

18.    Plaintiff has already paid more than $80,000 in order to repair the Property, despite receiving much less in indemnification payments from State Farm.

19.    Plaintiff was also forced to close the business for approximately six days, resulting in a loss of business income.

20.    Plaintiff further lost food that was contained in the refrigerators at the gas station.

21.    Defendant has denied Plaintiff's requests for additional payment based on amounts

3

incurred, as submitted to Defendant through Plaintiff's agent.

22.  As a result of Defendant's failure to adjust properly Plaintiff's insured losses fully and promptly, and corresponding delays and denials in indemnification payments, Plaintiff has suffered direct and consequential damages.

## COUNT I

## BREACH OF CONTRACT

23.  Plaintiffs re-plead paragraphs 1 through 22, as if fully set forth herein.

24.  The Policy constituted a valid and legally-enforceable contract between Plaintiff and Defendant.

25.  Plaintiff paid all Policy premiums and renewed the Policy to cover the date of the Derecho.

26.  Defendant breached the Policy by failing to provide Plaintiff with payments for business income loss.

27.  Defendant breached the Policy by failing to provide Plaintiff with payments for loss of use items.

28.  Defendant breached the Policy with Plaintiff by failing to make full indemnification of Actual Cash Value and Replacement Cost Value damages resulting from the covered Derecho storm event, including to all portions of the damaged Property.

29.  Plaintiff has incurred significantly more in costs to repair the Property than has been paid by Defendant State Farm to date.

30.  As a direct and proximate result of these breaches, Plaintiff has suffered and will suffer direct and consequential damages, including, but not limited to, expert witness fees, court costs, and attorneys' fees.

4

**WHEREFORE** Plaintiff prays that a judgment be entered by this Court in its favor against Defendant, for all amounts due and owing to it, as provided by law, including, but not limited to, contractually-obligated coverage payments, consequential damages and punitive damages arising from Defendant's improper denial and/or delay of the claim and its processes thereafter.

**COUNT II**

**BAD FAITH**

31.     Plaintiffs re-plead paragraph 1 through 22, as if fully set forth herein.

32.     The inherently unequal bargaining power between insurer and insured, regarding an insurance contract, which is a contract of adhesion, creates the necessary duty and obligation of the Insurer to act only in good faith, with respect to the manner in which it performs its duties under the contract of insurance.

33.     Defendant has breached this duty by failing to fully indemnify Plaintiff for losses in order to repair and replace the damaged Property despite receiving evidence of the cost to Plaintiff through receipts. Such obligations owed to Plaintiff arose from arose from the losses incurred on August 10, 2020.

34.     There is no reasonable basis, either in fact or at law, for Defendant to have denied any portion of the claim made by Plaintiff for the losses covered by the Policy, as described herein, up to the Replacement Cost Value of the goods and services necessary to place the Premises in a comparable pre-loss condition, but no more than the limits of the Policy described herein.

35.     Plaintiff provided the exact costs that were incurred to replace the materials to a comparable pre-loss condition to Defendant but Defendant still failed and refused to fully indemnify Plaintiff for the Actual Cash Value or Replacement Cost Value.

5

36.     Defendant knew, or had reason to know, that its delays, denials, and refusals to, first, accept Plaintiff's claim, second, to pay in full the amount of damages resulting from the claimed event, which was made by Plaintiff appropriately under the provisions of the Policy.

37.     Defendant's breach of its duty of good faith was a proximate cause of damage to the Plaintiffs.

38.     As a direct result of Defendant's breach of duty of good faith, Plaintiff has had to spent funds out-of-pocket to complete repairs on the Property due to damage as a result of the Derecho storm, and has been required to hire attorneys to seek what is rightfully, legally, and contractually owed to the Plaintiff under the Policy.

**WHEREFORE** Plaintiff prays that a judgment be entered in its favor and against Defendant for all amounts due and owed to Plaintiff, as provided by law, including, but not limited to, direct, consequential and punitive damages.

**JURY DEMAND**

**COME NOW** Plaintiffs and hereby demand a trial by jury of their peers of all matters contained within this Petition and Law and under the laws of the State of Iowa.

Respectfully submitted,

_/s/ James C. Larew_
James C. Larew AT0004543
LAREW LAW OFFICE
504 East Bloomington Street
Iowa City, Iowa 52245
Telephone: (319) 337-7079
Facsimile: (319) 337-7082
Email: james.larew@larewlawoffice.com
**ATTORNEY FOR PLAINTIFF**
